UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:  14-cv-1424

**JAMES ADAMS**

    **Plaintiff,**

v.

**JEFFERSON CAPITAL SYSTEMS, LLC, a Georgia limited liability company Corporation,**

    **Defendant**

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered corporation with the State of Colorado Secretary of State, having a registered agent at 1560 Broadway, Suite 2090, Denver, CO 80202.

## **PARTIES**

8. Plaintiff James Adams is a natural person who resides in the City of Johnstown, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Jefferson Capital Systems, LLC. (hereinafter "Defendant") is a Georgia limited liability company operating from an address of 16 McLeland Road, St. Cloud MN, 56303 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is registered as a debt collection company with the Office of the Colorado Attorney General's licensing division, license number 990353.

## **FACTUAL ALLEGATIONS**

11. On or about January 24, 2014 the Plaintiff received a letter from the Defendant.

12. The January 24, 2014 letter was a demand for payment in the amount of $1,394.00.

13. The underlying debt that the Defendant is attempting to collect stems from a debt which was a debt falling within the meaning of personal, family or household expenses and thus a debt under the FDCPA, 15 U.S.C. §1692a(5).

14. The Plaintiff disputes the debt.

15. The Defendant claims that the original creditor for the debt they are trying to collect is Corinthian Colleges, Inc.

16. The Plaintiff has no open account or charged off accounts with Corinthian Colleges, Inc.

17. The FDCPA prohibits a debt collector from trying to collect any amount of money for a debt that is not valid, see 15 U.S.C. §1692f(1).

18. The letter from the Defendant, dated January 24, 2014 does not contain the statutorily required "30 Day Notice", see 15 U.S.C. §1692g, and therefore violates the FDCPA.

19. The January 24, 2014 letter is a communication as defined by 15 U.S.C. §1692.

20. The Plaintiff suffers from stress over a debt collector pursuing him for an invalid debt.

21. The Defendant has recorded derogatory trade line information to the Plaintiff's major credit bureaus over this disputed debt.

22. Credit reporting constitutes an attempt to collect a debt.  See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

23. The FDCPA prohibits a debt collector from conduct that is harassing, oppressive or abusive to any person, see 15 U.S.C. §1692d.

24. The Defendant is attempting to collect a debt that is not valid.  Such violates the FDCPA, see 15 U.S.C. §1692e.

25. The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10)

26. The communication and action by the Defendants is an effort to collect a debt and constitutes numerous violations of the provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692g, 1692e(14), 1692f and 1692f(1) amongst others.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;

2. For statutory damages;

3. For punitive damages;

4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

 s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Law Office of Troy D. Krenning, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com
**Attorney for Plaintiff**